UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | No.  5:21-cr-00281 |
| | : | |
| ANTHONY DOUGLAS ELONIS, | : | |
| Defendant. | : | |

_____

**O P I N I O N**
**Motion for Reduction, ECF No. 118 – Denied**

**Joseph F. Leeson, Jr.**                                                          **June 17, 2025**
**United States District Judge**


**I.      INTRODUCTION**

Defendant Anthony Douglas Elonis is serving a sentence of 151 months imprisonment

for three counts of cyberstalking.  Through counsel, he has filed a Motion for Reduction of

Sentence pursuant to 18 U.S.C. § 3582(c)(2) based on the status points provision of Amendment

821.  For the reasons set forth below, the Motion is denied.

**II.     BACKGROUND**

On July 21, 2021, Elonis was charged with three counts of cyberstalking in violation of

18 U.S.C. § 2261(A).  The three victims of the offenses are: (1) an Assistant United States

Attorney in the Eastern District of Pennsylvania who was assigned to investigate and prosecute

threatening communications by Elonis in a previous criminal action (described below), (2)

Elonis's ex-girlfriend, and (3) his ex-wife.  *See* Indict., ECF No. 1.  Elonis made repeated

threatening communications to his victims.  The threats to his ex-girlfriend occurred before and

after she obtained a protection from abuse order (PFA), for which Elonis was found in contempt

on several occasions.  Elonis's ex-wife had also obtained a PFA, but it lapsed while Elonis was

in prison serving a 44-month sentence for four counts of transmitting in interstate commerce and foreign commerce, via computer and the internet, threatening communications, including a communication containing a threat to injure and kill his victims, in violation of 18 U.S.C. § 875(c).[1]  His victims in that case were: (1) his ex-wife (also a victim in the instant case), (2) employees of the Pennsylvania State Police and the Berks County Sheriff's Department, (3) a kindergarten class of elementary school children, and (4) an Agent of the Federal Bureau of Investigation who was involved in the investigation of Elonis' case.  *See* Resp. 2-3.

On August 5, 2022, Elonis was convicted after a jury trial of all three counts of cyberstalking in the instant action.  He was sentenced to a total of 151 months imprisonment,[2] followed by three years of supervised release.  This sentence was at the top of the Guidelines range of 121-151 months.  The range was calculated based on an offense level of 29 and a criminal history category of IV.  The criminal history category was reached counting five criminal history points from Elonis's prior offenses and two additional points (known as "status points") under U.S.S.G. § 4A1.1 because he committed the instant offense while under a "criminal justice sentence" including probation, parole, supervised release, imprisonment, work release, or escape status.

Currently pending is Elonis's Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2).  *See* Mot., ECF No. 118.  The Motion relies on the status points provision of Amendment 821 to the Sentencing Guidelines and argues that Elonis should receive a two-point reduction, which would reduce his Guidelines range to 108-135 months.  *See id.* 2-3.  The Motion requests a reduced sentence of 135 months.  *See generally id.*  The Government filed a

---

[1]    The federal prosecutor of the prior case is a victim in the above-captioned action.
[2]    This sentence broke down as follows: 120 months on Count 2 (the statutory maximum) and 31 months on Counts 1 and 3 to run concurrent to each other and consecutive to Count 2.

response in opposition to the Motion. *See* Resp., ECF No. 122. The Government concedes

Elonis is eligible for a two-point reduction in his Guidelines range but argues a corresponding

reduction in sentence is not warranted under the facts of the case. *See id.* at 24-29.

## III.     STANDARD OF REVIEW

### A.     Motion to Reduce, 18 U.S.C. § 3582(c)(2)

"When the Commission makes a Guidelines amendment retroactive, 18 U.S.C. §

3582(c)(2) authorizes a district court to reduce an otherwise final sentence that is based on the

amended provision." *Dillon v. United States*, 560 U.S. 817, 821 (2010). Section 3582(c)(2)

provides:

> in the case of a defendant who has been sentenced to a term of imprisonment based
> on a sentencing range that has subsequently been lowered by the Sentencing
> Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the
> Director of the Bureau of Prisons, or on its own motion, the court may reduce the
> term of imprisonment, after considering the factors set forth in section 3553(a) [18
> USCS § 3553(a)] to the extent that they are applicable, if such a reduction is
> consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2); *See also Dillon*, 560 U.S. at 821 ("Any reduction must be consistent

with applicable policy statements issued by the Sentencing Commission."). The Policy

Statement in 18 U.S.C. § 1B1.10(a)(2)(B)(1) directs that in determining whether a reduction is

warranted, "the court shall substitute only the amendments listed in subsection (d)[3] for the

corresponding guideline provisions that were applied when the defendant was sentenced and

---

3       Subsection (d) covers Parts A and B, Subpart 1 only, of Amendment 821. *See* U.S.S.G. §
1B1.10, Application Note 7; *See also United States v. Banks*, No. 19-431-3, 2024 U.S. Dist.
LEXIS 36894, at *2 (E.D. Pa. Mar. 4, 2024) ("Amendment 821 applies retroactively."). Part A
to Amendment 821, which now appears in Section 4A1.1(e), altered the "status points"
provision. *See* 18 U.S.C. § 4A1.1(e). The amended provision states: "Add 1 point if the
defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the
instant offense while under any criminal justice sentence, including probation, parole, supervised
release, imprisonment, work release, or escape status." *See* Application Note 7.

shall leave all other guideline application decisions unaffected." "Under § 3582(c)(2), a court

may then grant a reduction within the amended Guidelines range if it determines that one is

warranted 'after considering the factors set forth in section 3553(a) to the extent that they are

applicable.'" *Dillon*, 560 U.S. at 821. The § 3553(a) sentencing factors include, but are not

limited to:

> (1) the nature and circumstances of the offense and the history and characteristics
> of the defendant;
> (2) the need for the sentence imposed—
> > (A) to reflect the seriousness of the offense, to promote respect for the law,
> and to provide just punishment for the offense;
> > (B) to afford adequate deterrence to criminal conduct;
> > (C) to protect the public from further crimes of the defendant; and
> > (D) to provide the defendant with needed educational or vocational training,
> medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> . . .
> [4] the need to avoid unwarranted sentence disparities among defendants with
> similar records who have been found guilty of similar conduct.
> > . . .

18 U.S.C. § 3553(a). In addition to the section 3553 factors, the "court shall consider the nature

and seriousness of the danger to any person or the community that may be posed by a reduction

in the defendant's term of imprisonment." *See* U.S.S.G. § 1B1.10, Application Note 1. Also, the

"court may consider post-sentencing conduct of the defendant that occurred after imposition of

the term of imprisonment. . . ." *Id.*

## IV.    DISCUSSION

Applying the amended status points provision, Elonis would receive 1 point because he

committed the instant offenses while under a criminal justice sentence, as opposed to the 2 points

he did receive. His criminal history points would therefore be reduced to 6. Criminal history

points of 4, 5, or 6 result in a criminal history category of III, as opposed to the category of IV

applied at the time of sentencing.  *See* Sentencing Table, Chapter 5, Part A.  A criminal history

category of III and an offense level of 29 result in a Guidelines range of 108-135.  *See id.*

Nevertheless, after applying the factors set forth in section 3553(a), this Court concludes

that a sentence reduction is not warranted.  At the time of sentencing, the sentencing court

considered the factors set forth in section 3553 and stated, *inter alia*:

> the nature and circumstance of the offense, you didn't hurt anybody, but you
> certainly put people in fear and serious fear and you've disrupted their lives, et
> cetera, and it was a repeat offense. So the history and characteristic of the defendant,
> it's a repeat offense. . . . in light of the repeat nature of this offense, in light of the
> fact that you do suffer from a mental illness that does impact on your judgment --
> and it's been shown over and over and over -- and despite what you've suffered as
> a child, it doesn't explain why you would cyberstalk these three victims after having
> previously been convicted of similar types of threat offenses against four other
> victims and serving a forty-four month sentence.

N.T. 56:19-24, 58:19-24, Sentencing, ECF No. 108.  The sentencing judge determined "the only

sentence that is correct is the lowest sentence sufficient to satisfy the purposes of sentencing, and

I find that this [151 months] is the correct sentence because I do find that it is the lowest sentence

sufficient to satisfy the purposes of sentencing."  *See id.* at 63:19-23.

This Court adopts this reasoning after an independent review of the section 3553 factors.

Additionally, Elonis continues to cause fear in his victims.  On or about May 20, 2025, less than

a week after filing the instant Motion, Elonis mailed a letter to his ex-wife,[4] who immediately

reported the contact.  *See* Resp. 20-21; Ex. A, ECF No. 123.  Elonis's actions were in violation

of the order of the sentencing court that he not have any contact with the victims of the offenses.

*See* N.T. 61:15-22.[5]  Elonis's recent conduct shows that despite having served approximately

---

[4]    What is just as troubling as the contact itself is that Elonis's ex-wife moved after he was
incarcerated so her address should have been unknown to Elonis.  *See* Resp. 20-21; Ex. A.

[5]    This no-contact provision included "telephone, text, email, letter, or in-person visits to
their homes or places of employment [and . . .] from posting social media content that pertains to
any of the victims of the offense."  *See* N.T. 61:15-22.  The court advised that if Elonis "needs to

four years due to his arrest and conviction in the instant action, Elonis has not been deterred from criminal behavior. *See* 18 U.S.C. § 3553(a)(2)(B). It also shows his continued disrespect for the law and the need to protect the public, specifically including his ex-wife, from further crimes. *See* 18 U.S.C. § 3553(a)(2)(A); *United States v. Williams*, No. 20-8, 2025 U.S. Dist. LEXIS 18404, at *12-13 (W.D. Pa. Feb. 3, 2025) (denying the motion to reduce the 151-month sentence despite the lower guidelines range following changes to the assessment of status points and reasoning that the "Defendant continues to pose a threat to public safety because he completely disregarded the requirements of his parole from state prison . . . [and] places too much weight on his guidelines calculation, which is only one of the § 3553(a) factors that this Court must consider"). This recent conduct overrides Elonis's lack of infractions and his participation in educational and vocational courses while incarcerated. *See United States v. Dover*, 536 F. App'x 181, 182 (3d Cir. 2013) (finding that the district court, which recognized the defendant's recent rehabilitative efforts but concluded that they did not override the other concerns it had with his post-sentence conduct, including his threat to murder a corrections officer just one month after the prior order denying sentence reduction and thirty-seven citations for disciplinary infractions while incarcerated, properly denied the § 3582(c)(2) motion for sentence reduction). The aggravating nature of these crimes, including, *inter alia*, Elonis's reign of terror to his ex-wife that has continued for at least fifteen (15) years, his repeated violations of PFA's and a federal no-contact order, and the personal nature[6] of the threats to a federal prosecutor for simply

---

have contact with his ex-wife pertaining to the children, he is to do so through the courts or a court-appointed mediator." *See id.*

[6]    Elonis threatened the prosecutor that, *inter alia*, he wanted to "begin researching the ordinances of the municipality in which you reside" so he did not run afoul of those ordinances when he sets "fire to a cross in your yard." *See* Resp. 4. He thereafter sent pictures of his erect penis "in lieu of a burning cross" that included his ex-girlfriend performing a sexual act. *See id.*

doing his job by prosecting Elonis previous criminal conduct, support the 151-month sentence. *See United States v. Kennedy*, No. 13-240, 2024 U.S. Dist. LEXIS 40780, at *12 (W.D. Pa. Mar. 8, 2024) (denying the motion to reduce sentence even though the amended Guidelines range after applying the changes to status points was below the sentence imposed because of "the continued threat Defendant poses to public safety and his poor post-sentencing conduct" and finding that the "recent amendments to the guidelines likewise do not undermine the numerous aggravating factors"). Accordingly, the Motion for Reduction of Sentence is denied.

## V.    CONCLUSION

Although the changes to the status points provision in Amendment 821 result in a reduced Guidelines range, a sentence reduction is not appropriate after consideration of the section 3553 factors. Specially, the nature of the offense involves repeated threats to three different victims, including a federal prosecutor, Elonis's ex-girlfriend, and his ex-wife. Elonis's ex-wife was also a victim in a prior case for sending threatening communications, as were three other victims. Despite terms of incarceration and a no-contact order by the court, Elonis continues to harass his ex-wife, sending her a letter as recently as a week after the pending motion was filed. The aggravating nature of his crimes support his sentence. Therefore, the Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2) is denied.

A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge