UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | No.  5:21-cr-00281 |
| | : | |
| ANTHONY DOUGLAS ELONIS, | : | |
| Defendant. | : | |

_____

**O P I N I O N**
**Motions for Reduction, ECF Nos. 118 and 139 – Granted**

**Joseph F. Leeson, Jr.**                                                                 **March 30, 2026**
**United States District Judge**


## I.      INTRODUCTION

Defendant Anthony Douglas Elonis was sentenced to 151 months imprisonment, which was the top of his Guidelines range, for three counts of cyberstalking.  Through counsel, he has filed two Motions for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2) based on the status points provision of Amendment 821.  Having determined that Amendment 821 lowers his Guidelines range, and after a hearing in this matter, this Court grants the Motions.  Elonis's sentence is reduced to 135 months, which is the top of his new Guidelines range.

## II.      BACKGROUND

On July 21, 2021, in an action assigned to the Honorable Edward G. Smith, Elonis was charged with three counts of cyberstalking in violation of 18 U.S.C. § 2261(A).  The three victims of the offenses are: (1) an Assistant United States Attorney in the Eastern District of Pennsylvania who was assigned to investigate and prosecute threatening communications by Elonis in a previous criminal action (described below), (2) Elonis's ex-girlfriend, and (3) his ex-wife.  *See* Indict., ECF No. 1.  Elonis made repeated threatening communications to his victims.

The threats to his ex-girlfriend occurred before and after she obtained a protection from abuse order (PFA), for which Elonis was found in contempt on several occasions.  Elonis's ex-wife had also obtained a PFA, but it lapsed while Elonis was in prison serving a 44-month sentence for four counts of transmitting in interstate commerce and foreign commerce, via computer and the internet, threatening communications, including a communication containing a threat to injure and kill his victims, in violation of 18 U.S.C. § 875(c).[1]  His victims in that case were: (1) his ex-wife (also a victim in the instant case), (2) employees of the Pennsylvania State Police and the Berks County Sheriff's Department, (3) a kindergarten class of elementary school children, and (4) an Agent of the Federal Bureau of Investigation who was involved in the investigation of Elonis' case.  *See* Resp. 2-3, ECF No. 122.

On August 5, 2022, Elonis was convicted after a jury trial of all three counts of cyberstalking in the instant action.  He was sentenced to a total of 151 months imprisonment,[2] followed by three years of supervised release.  This sentence was at the top of the Guidelines range of 121-151 months.  The range was calculated based on an offense level of 29 and a criminal history category of IV.  The criminal history category was reached counting five criminal history points from Elonis's prior offenses and two additional points (known as "status points") under U.S.S.G. § 4A1.1 because he committed the instant offense while under a "criminal justice sentence" including probation, parole, supervised release, imprisonment, work release, or escape status.

On May 16, 2025, Elonis, through counsel, filed a Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2), arguing that Elonis should receive a two-point reduction

---

[1]    The federal prosecutor of the prior case is a victim in the above-captioned action.

[2]    This sentence broke down as follows: 120 months on Count 2 (the statutory maximum) and 31 months on Counts 1 and 3 to run concurrent to each other and consecutive to Count 2.

based on Amendment 821, which would reduce his Guidelines range to 108-135 months, and requesting a reduced sentence of 135 months. *See* Mot., ECF No. 118. The Government filed a response in opposition to the Motion, conceding that Elonis was eligible for a two-point reduction in his Guidelines range but arguing that a corresponding reduction in sentence was not warranted under the facts of the case, specifically his prior and ongoing threats that included a letter sent to his ex-wife, which was "prohibited" by his judgment. *See* Resp. 20, 28 (citing Judgment 5, ECF No. 105 ("The defendant is prohibited from having any contact with the victims of the offense. . . .")). The Motion was reassigned to the Undersigned.

On June 16, 2025, this Court issued an Opinion and Order denying the Motion. The Opinion, which is incorporated herein, explained that although the changes to the status points provision in Amendment 821 resulted in a reduced Guidelines range, a sentence reduction was not appropriate after consideration of the section 3553 factors. *See* Opn. 5, ECF No. 127. The Opinion reasoned that Elonis continued to cause fear in his victims, citing the letter mailed to his ex-wife less than a week after filing the Motion. *Id.* The Opinion found that Elonis's actions were in violation of the no-contact order of the sentencing court, which showed his continued disrespect for the law and the need to protect the public, specifically including his ex-wife, from further crimes. *Id.* at 5-6. Such conduct outweighed Elonis's lack of infractions and his participation in educational and vocational courses while incarcerated. *Id.*

On appeal from this decision, Elonis argued that he never violated a federal no-contact order, nor could he have done so by sending a letter to his ex-wife from prison in May 2025 because the no-contact order is a special condition of supervised release, which has not yet commenced. The Third Circuit, agreeing, reversed and remanded for further proceedings. *See* ECF No. 133. At the request of Elonis's counsel, a hearing was scheduled for March 11, 2026.

On March 3, 2026, the Government filed a supplemental response to the Motion to Reduce arguing that even if the letter to his ex-wife did not violate a court order, the behavior demonstrates that Elonis continues to be undeterred, has little respect for the law, and continues to require rehabilitation. *See* Supp. Resp, ECF No. 138. The Government asserts that even if Elonis did not violate a court order, "he must certainly be aware – through PFAs, a divorce, and two federal prosecutions and terms of imprisonment – that his contact with his ex-wife is not welcome." *Id.* at 4-7. The Government contends that Elonis continues to show the same pattern of veiled threats through ostensibly lawful speech that ultimately has the effect of putting his victims in fear. *Id.* at 7-12. It cites to a voicemail Elonis left for the lead government attorney on November 27, 2024, a year after Judge Smith's death, and suggests its disturbing nature supports Judge Smith's finding that 151 months is the "lowest appropriate sentence." *Id.* at 8-12.

On March 4, 2026, Elonis filed a supplemental motion and brief in support of his Motion for Reduction. *See* Supp. Mot., ECF No. 139. Elonis reasserts his arguments that he "embraced opportunities for rehabilitation within the Bureau of Prisons" by taking adult continuing education courses such as Accounting and HVAC certification. *Id.* at 4. He also highlights that since the beginning of his incarceration, he has incurred only one infraction, which was for mail abuse and the same incident cited by this Court. *Id.* Elonis cites his devotion to his Christian faith since April 2025, which he alleges is what caused him to reach out to his daughter with the cited letter. *Id.* at 4-5.

The Government submitted a victim impact statement from Elonis's ex-wife dated March 10, 2026. *See* Vic. Stmt, ECF No. 140. The victim asserts that Elonis has been "abusing me and causing me emotional distress" for more than twenty-five years, even after obtaining a PFA in 2010. *Id.* She explains that after being released from his prior sentence, Elonis started

contacting her "immediately." *Id.* She states that because their children are now adults, Elonis did not need to reach out to her personal address. *Id.* She fears the contact will not stop "until I'm dead" and "highly oppose[s] a reduced sentence for the safety of my children, myself and his other victims." *Id.*

Elonis made a statement at the hearing on March 11, 2026, consistent with the assertions in his supplemental brief. Elonis admitted that he made a mistake in judgment by sending the letter to his ex-wife's address and asserted that he only intended the letter for his daughter. He explained that he reached out to his daughter because of his newfound faith in Christ. He stated that he read his ex-wife's victim impact statement and now understands that she does not want any contact. He promised the Court that he would not contact her again.

## III.    STANDARD OF REVIEW

### A.    Motion to Reduce, 18 U.S.C. § 3582(c)(2) – Review of Applicable Law

"When the Commission makes a Guidelines amendment retroactive, 18 U.S.C. § 3582(c)(2) authorizes a district court to reduce an otherwise final sentence that is based on the amended provision." *Dillon v. United States*, 560 U.S. 817, 821 (2010). Section 3582(c)(2) provides:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) [18 USCS § 3553(a)] to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2); *See also Dillon*, 560 U.S. at 821 ("Any reduction must be consistent with applicable policy statements issued by the Sentencing Commission."). The Policy Statement in 18 U.S.C. § 1B1.10(a)(2)(B)(1) directs that in determining whether a reduction is

warranted, "the court shall substitute only the amendments listed in subsection (d)[3] for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." "Under § 3582(c)(2), a court may then grant a reduction within the amended Guidelines range if it determines that one is warranted 'after considering the factors set forth in section 3553(a) to the extent that they are applicable.'" *Dillon*, 560 U.S. at 821. The § 3553(a) sentencing factors include, but are not limited to:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>> (B) to afford adequate deterrence to criminal conduct;
>> (C) to protect the public from further crimes of the defendant; and
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> . . .
> [4] the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.
> . . .

18 U.S.C. § 3553(a). In addition to the section 3553 factors, the "court shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment." *See* U.S.S.G. § 1B1.10, Application Note 1. Also, the

---

[3]    Subsection (d) covers Parts A and B, Subpart 1 only, of Amendment 821. *See* U.S.S.G. § 1B1.10, Application Note 7; *See also United States v. Banks*, No. 19-431-3, 2024 U.S. Dist. LEXIS 36894, at *2 (E.D. Pa. Mar. 4, 2024) ("Amendment 821 applies retroactively."). Part A to Amendment 821, which now appears in Section 4A1.1(e), altered the "status points" provision. *See* 18 U.S.C. § 4A1.1(e). The amended provision states: "Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." *See* Application Note 7.

"court may consider post-sentencing conduct of the defendant that occurred after imposition of the term of imprisonment. . . ." *Id.*

## IV.    DISCUSSION

As discussed in the Opinion dated June 16, 2025, the amended status points provision applies, which reduces Elonis's Guidelines range to 108-135 months. *See* Opn. 4-5. Although this Court previously concluded that the factors set forth in section 3553(a) did not support a sentence reduction, this conclusion relied heavily on the letter Elonis sent to his ex-wife a week after filing his Motion for Reduction. *See id.* at 5-6. This Court found that by sending the letter, "Elonis's actions were in violation of the order of the sentencing court that he not have any contact with the victims of the offenses," which "showed his continued disrespect for the law" and that he "has not been deterred from criminal behavior." *Id.* (citing 18 U.S.C. § 3553(a)(2)(A)-(B)). However, because the no-contact prohibition was not yet active, Elonis's letter did not violate the order of the sentencing court. The letter also did not violate the law as the content of the letter was not threatening. This, coupled with Elonis's explanation that he only intended to contact his adult daughter (not his ex-wife), alters this Court's prior finding. This Court accepts Elonis's assertion that his recent devotion to his Christian faith has resulted in positive changes to his behavior and that he regrets sending the letter. It also considers the courses Elonis has completed during his incarceration over the last five years and that he has incurred only one disciplinary infraction- for the letter. This Court does not intend to minimize the fear the letter caused in his ex-wife or her continued fear that he will contact her again. However, Elonis advised this Court that he now understands his ex-wife does not want any contact and the harm his letter unintentionally caused. Additionally, reducing Elonis's sentence will not result in his immediate release and it is expected that prior to release he will have

completed anger management classes. *See* Mot. 6 (stating that Elonis "is currently on the waiting list for anger management classes"). This Court also notes that at the time of sentencing, the Government did not request, and Judge Smith did not impose, an aggravated range sentence. Moreover, many of the aggravating factors of Elonis's crimes are accounted for in his Guidelines calculation. *See* N.T. 28:7 – 39:13, Sentencing, ECF No. 108 (imposing enhancements for violation of a court order (PFA) and for a pattern of activity involving stalking, threatening, harassing, or assaulting the same victim). For all these reasons, this Court finds that reducing Elonis's sentence to the very top of the amended Guidelines range (135 months[4]) is appropriate given his prior sentence at the very top of the then-applicable Guidelines range.

## V.    CONCLUSION

The changes to the status-points provision in Amendment 821 result in a reduced Guidelines range for Elonis. After considering the section 3553 factors and for the reasons explained herein, this Court grants a commensurate sentence reduction. The Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2) is granted.

A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

---

[4]    This sentence breaks down as follows: 120 months on Count 2 (the statutory maximum) and *15 months on Counts 1 and 3 to run concurrent to each other and consecutive to Count 2. *Reduced from 31 months.